UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBALL MANAGEMENT, LLC.,

          Plaintiff,

vs.                                         Case No. 05-CV-70972

                                            HON. GEORGE CARAM STEEH

KENNEDY FUNDING, INC.
AND KEVIN WOLFER,

          Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER (DOCUMENT #2)

This case arises out of a Loan Commitment Agreement ("Agreement") between plaintiff Kimball Management, LLC ("Kimball") and defendant Kennedy Funding, Inc. ("KFI"). Plaintiff filed the lawsuit in state court, defendants KFI and Kevin Wolfer removed, and KFI now seeks to transfer venue to New Jersey pursuant to a forum selection clause contained in the parties' Agreement. For the reasons given below, defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is GRANTED.

### FACTUAL BACKGROUND

Defendant KFI is a commercial real estate lending company that provides financing for commercial projects internationally. KFI has developed a niche specialty in providing financing where speed, creativity and attention to special circumstances are critical. Plaintiff Kimball contacted defendant in April 2004 regarding a loan for the construction of a hockey rink in Port Huron, Michigan.

On November 3, 2004, the parties entered into a Loan Commitment Agreement, whereby plaintiff requested financing in the amount of $9 million. Plaintiff agreed to a

$260,000 loan commitment fee, whereby plaintiff would pay $90,000 up front and $170,000 at closing, or "upon Borrower electingnot to proceed to a loan closing." In exchange, defendant would engage in due diligence on the property offered by plaintiff as collateral for the loan.

The Agreement provided that defendant would not advance any more than 50% of the "as completed" market value of the collateral. In order to determine the amount of financing defendant could arrange, defendant engaged the services of Volpe, Inc. to determine the "as completed market value" of the property held as collateral. Volpe's valuation concluded that the property was worth approximately $4 million. Defendant contacted plaintiff on November 23, 2004 and informed it that defendant could not justify any loan exceeding $2 million.

The Agreement provided that if plaintiff disputed the value of the property, it could elect "to engage the services of a third party appraiser." Upon completion of the third party appraisal, defendant had the option of either financing 50% of the "as completed" market value of the collateral or "return[ing] the paid portion of the commitment fee." There is no evidence that plaintiff exercised this remedy.

The Agreement provided that the loan commitment was to expire by its terms on December 10, 2004. On December 3, 2004, defendant sent a letter to plaintiff discussing the valuation performed by Volpe. Defendant also reminded plaintiff about the remedy provided for in the Agreement regarding a dispute over valuation. On December 14, 2004, Defendant sent plaintiff a letter confirming plaintiff was offering additional collateral in the form of a first lien on 282 acres of land adjacent to the original collateral. On December 30, 2004, co-defendant Kevin Wolfer, Vice President of KFI,

sent a letter to plaintiff informing it that he had not heard anything from plaintiff after the December 14, 2004 letter and that the Loan Commitment Agreement had expired by its own terms on December 10, 2004.

The parties discussed an extension to January 10, 2005.  An extension was conditioned upon plaintiff having accepted the loan offer of $2 million communicated on November 23, 2004.  That condition never occurred.  Plaintiff refused to accept the loan commitment and refused to pay the balance of the loan commitment fee.  Plaintiff then filed suit in St. Clair County Circuit Court in February 2005.  Defendants removed the case to this court based on diversity of citizenship.

The Agreement contains a forum selection clause requiring that any lawsuit be filed in New Jersey:

> Borrower consents to jurisdiction of any state or federal court sitting in the State of New Jersey for adjudication of any dispute between the Borrower and Guarantor(s), their agents, servants and/or employees and KFI under any theory of law in connection with, out of, or otherwise relating to this Commitment and any related transactions and that venue shall be proper in any such court to the exclusion of the courts in any other state or county.  The borrower further agrees that such designation forum is proper and convenient.

Agreement at para. 14.  Under the heading "MISCELLANEOUS", the Agreement stresses the importance of the forum selection clause:

> BORROWER UNDERSTANDS THAT KFI CANNOT AND WOULD NOT ENTER INTO THIS COMMITMENT WITHOUT BORROWER'S AGREEMENT TO THE LIMITATION OF DAMAGES, CHOICE OF FORUM AND WAIVER OF TRIAL BY JURY CLAUSES CONTAINED HEREIN.

Agreement at p. 7, (emphasis in original).  Defendant explains that it puts such a clause in its agreements because it does business throughout the world and it would be cost

prohibitive for it to be subjected to suit in each state or country in which its services are engaged.

## ANALYSIS

A motion to transfer venue pursuant to a forum-selection clause is properly brought under 28 U.S.C. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Since the Supreme Court's decision in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  Id. at 10.  The Supreme Court has since held that when a court is considering a motion to transfer based upon a forum selection clause, the clause "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)."  Steward Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).  In addition to the forum selection clause, which is "a significant factor that [should figure] centrally in the District Court's calculus," the court should consider a number of other case-specific factors, such as the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice."  Id. at 30; Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991).

Plaintiff contends that the defendants fraudulently induced plaintiff into entering the loan commitment Agreement, and therefore the entire contract, including the forum selection clause, is void and unenforceable. The clear terms of the Agreement provide that the parties would pursue a loan, contingent upon defendant's inspection of the collateral to, "in its sole discretion, determine the 'as completed value' of the collateral." Furthermore, Borrower acknowledges that KFI will not at any time lend or advance more than Fifty Percent (50%) of the 'as completed' market value of the real estate Collateral at that time." Although the parties agreed to pursue a loan, any obligation to actually distribute funds was contingent upon the satisfactory results of KFI's due diligence.

In order to evaluate the Collateral, defendant retained the services of Volpe, Inc., an experienced consulting firm which has evaluated many properties for defendant throughout the country. The loan commitment does not require an appraisal, but permitted defendant to evaluate the property "in its sole discretion."

While plaintiff alleges that defendants took its money with no intention of carrying out is obligations under the contract, it provides nothing more than a general allegation of fraud. The Sixth Circuit has held that general allegations of fraud cannot nullify a forum selection clause. Moses, 929 F.2d at 1138. It is plaintiff's burden to demonstrate that "the alleged fraud or misrepresentation induced the party opposing the forum selection clause *to agree to inclusion of that claim* in the contract. . . ." Id. (emphasis in original).

The forum selection clause in the agreement between the parties appears to be an arm's length transaction between two sophisticated business entities. There is no reason to question the validity of the forum selection clause in this case. Therefore, this

court will consider the parties' agreement as to forum to be a significant, factor in its overall analysis of defendant's motion to transfer under section 1404(a).

Most of defendant's witnesses reside in or around New Jersey. (Wolfer Affidavit at 27). These witnesses have knowledge of the Agreement and defendant's intentions with regard to the Loan Commitment. Plaintiff points out that the property is located in Michigan, as are the appraisers, and all of plaintiff's witnesses. The convenience of the parties and witnesses in this case appears to be a neutral factor. Judge Roberts recently transferred a case to the United States District Court in New Jersey based on the identical forum selection clause in the same Loan Commitment Agreement after finding that the convenience of the parties did not weigh in either party's favor. Judge Roberts concluded that the plaintiff therefore did not meet its heavy burden. <u>VMV of Michigan LLC v. Kennedy Funding, Inc., et al.</u>, Case No. 04-71783 (Nov. 30, 2004). The same is true in this case.

## CONCLUSION

The forum selection clause in the parties' Agreement is prima facie valid, and will be enforced as there is no evidence that to do so would be unreasonable under the circumstances of this case. Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is GRANTED.

                                                      s/George Caram Steeh
                                                      GEORGE CARAM STEEH
                                                      UNITED STATES DISTRICT JUDGE

Dated: May 4, 2005